Jon A. Atabek, Esq. (SBN 269497)
(jatabek@atabeklaw.com)
ATABEK & ASSOCIATES, P.C.
16330 Bake Parkway
Irvine, CA 92618
T: 213.394.5943

Attorneys for Defendants
KJF/FARIS, LLC, and
QUINCE AVE MEMPHIS II

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BERRY,<br><br>    Plaintiff,<br><br>v.<br><br>KJF/FARIS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; QUINCE AVE MEMPHIS II, LLC, A TENNESSEE LIMITED LIABILITY COMPANY; and Does 1-10,<br><br>    Defendants. | Case No. 2:20-cv-00154-GW-PLA<br><br>**MEMORANDUM OF POINTS AN AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT (DKT. NO. 15 & 16) [FED. R. CIV. P. RULE 55(C)]**<br><br>Date: May 04, 2020<br>Time: 8:30 a.m.<br>Dept.: 9D<br><br>Filed Concurrently:<br>(1) Notice of Motion and Motion;<br>(2) Declaration of Jon Atabek;<br>(3) [Proposed] Order.<br><br>Complaint Filed: 01/06/20 |

Defendants KJF/FARIS, LLC, and QUINCE AVE MEMPHIS II (hereafter "Defendants"), by and through their attorneys of record, respectfully submit the following memorandum of points and authorities in support of their motion for an order setting aside the defaults entered against each of the Defendants on February 5, 2020 (Dkt. No. 15 & 16) (the "Motion"), and state as follows:

## I.  INTRODUCTION

Plaintiff WILLIAM BERRY ("Plaintiff") alleges that he is disabled and visited a restaurant located on real property owned by Defendants, and that the restaurant did not comply with disability access laws.

While Defendants were retaining counsel and discussing settlement with Plaintiff, Defendants requested a pleading extension. Defendants followed up, but Plaintiff did not respond. Rather than grant or refuse the extension, Plaintiff rushed to the courthouse for a "secret" default. Dkt. No. 15-16.

Notably, Plaintiff did so only after learning that the restaurant not only complies with disability access laws, but was the subject of two previous ADA lawsuits that were dismissed on lack of standing grounds pursuant to Rule 12(b)(1) motions.[1] Recognizing the challenges with their case, Plaintiff has elected to use the default process to leverage a more favorable settlement, ignoring norms, courtesy, and case authority discussing seeking and obtaining "secret" defaults.

Defendants respectfully request the Court set aside the entry of default in this action, and allow the case to proceed on the merits.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2020, Defendants, through counsel, requested a pleading extension. Declaration of Jon Atabek ("Atabek Decl.") ¶ 2, Ex. 1. The following day, Plaintiff responded, "Rather than getting into service questions and kicking a response deadline can down the road, do your respective clients want to settle the matter?" *Id*.

On January 24, 2020, Defendants met and conferred with Plaintiff regarding the substantive merits of this action, in furtherance of settlement discussions. *Id*. ¶ 3, Ex. 2. In that correspondence, Defendants cited two prior orders dismissing ADA

---

[1] *Vogel v. Waldorf Restaurant Group Centinella, LLC*, Case No. 13-cv-09420 (C.D. Cal. April 11, 2014); *Langer v. Roclar Company, et al*, Case No. 14-cv-01623 (C.D. Cal. May 14, 2014)

1

actions at the same location on FRCP Rule 12(b)(1) grounds for lack of any present ADA violations (and thus standing). *Id*. Plaintiff again failed to address the pleading extension, either agreeing to, or refusing it. *Id*.

On February 3, 2020, at 9:47 a.m., Defendants reiterated their request for a pleading extension, offering to draft the stipulation, noting that "I've been sick with a sinus infection/eye infection, and bouncing back and forth to depositions, mediations, and hearings all the while……" *Id*. ¶ 4, Ex. 3. Defendants followed up later that evening, at 10:18 p.m., asking for status on the requested extension. *Id*.

Again, rather than agreeing to or refusing the request, on February 4, 2020, at 11:12 a.m. (while Defendants' counsel was in an all-day deposition), Plaintiff responded by simply stating that counsel should "feel free to have somebody from your office call us to discuss." *Id*. ¶ 5, Ex. 4. That same day, at 5:38 p.m., Plaintiff emailed Defendants a copy of Plaintiff's request for entry of default that had been filed earlier that day. *Id*. ¶ 6, Ex. 5.

That same day, on the way home from the aforementioned deposition, Defendants' counsel attempted to meet and confer regarding setting aside the default. *Id*. ¶ 7. Plaintiff refused. *Id*. Rather, Plaintiff's counsel took the opportunity to ask whether Defendants were now more inclined to settle. *Id*. Counsel for Defendants noted that he would not permit his own honest mistake, caused by Plaintiff's gamesmanship, to be used as settlement leverage. *Id*. Plaintiff was unmoved, and again refused to stipulate to set aside the default. *Id*.

On February 11, 2020, Defendants transmitted a formal meet and confer letter to Plaintiff, summarizing and confirming both the sequence of events set forth above, and the applicable authority making clear the default must be set aside. *Id*. ¶ 8, Ex. 6. Plaintiff did not deny or refute any portion of the events. *Id*. ¶ 9, Ex. 7. Rather, Plaintiff repeatedly attempted to (incorrectly) re-characterize Defendants' desire to set aside the default as an unwillingness to discuss settlement. Id.
On February 25, 2020, the parties finally met and conferred by telephone. *Id*. ¶ 10,

Ex. 8. Plaintiff refused to stipulate to an order setting aside the defaults. *Id*.

On March 23, 2020, Plaintiff filed their application for entry of judgment on the previously entered defaults. Dkt. No. 17. Three days later, on March 26, 2020, Plaintiff again attempted to use their pursuit of the default judgment as settlement leverage, offering a "discount" of off of the total amount sought in their default package, from $14,834.00 to $14,000.00 to settle. *Id*. ¶ 11, Ex. 9.

### III.  ANALYSIS

### I.  Legal Standard Regarding Setting Aside Defaults.

"The court may set aside an entry of default for good cause . . ." Fed. R. Civ. P. 55. In examining good cause, trial courts should consider whether: (1) The default was caused by defendants' culpable conduct; (2) Whether defendants have a meritorious defense; and (3) Whether the plaintiff will be prejudiced. *United States v. Aguilar* 782 F. 3d 1101, 1105 (9th Cir. 2015).

### II.  Good Cause Exists to Set Aside the Default.

#### A.  Plaintiff Sought a "Secret" Default While a Request for Extension Was Pending—Defendants Are Not Culpable.

Trial courts will typically find excusable neglect where counsel for the defaulted party reasonably believed a default would not be taken, "either because of a potential stipulation with plaintiff's counsel or local custom preventing 'secret' defaults without courtesy notice." Phillips & Stevenson, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-E, 6:176 (The Rutter Group 2019) (citing *Hutton v. Fisher*, 359 F. 2d 913, 915 (3rd Cir. 1966); *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518, 523 (ND IA 2001)).

Here, Plaintiff has engaged in precisely such a "secret" default. Defendants requested a pleading extension. Atabek Decl. ¶ 2, Ex. 1. Plaintiff never denied Defendants' request, or gave notice to Defendants that they would enter a default. *Id*. ¶¶ 2-5, Ex. 1 – Ex. 4. Rather, Plaintiff pursued their default while a request for an extension was still pending, while they knew Defendants' counsel had only

recently returned to work after an illness, and had been busy with back to back court appearances and depositions. *Id*. ¶¶ 4-6, Ex. 3 – Ex. 5. Plaintiff engaged in precisely the type of "gotcha" gamesmanship decried by applicable authority.

"The culpable conduct here is the lack of courtesy and professionalism of [plaintiff's] lawyer engaging in 'gotcha' gamesmanship." *Willis v. Mullins*, No. CV-F-04-6542 AWI LJO, 2005 WL 8147234, at *4 (E.D. Cal. June 22, 2005). "A mere inquiry to defense counsel could have cleared outstanding questions regarding absence of an answer and is a courtesy this Court expects and demands of counsel who appear before it." *Id*.

Thus, the first *Aguilar* factor weighs heavily in favor of setting aside the default.

### B. The Substantive Merits Favor Defendants—Two Prior ADA Lawsuits at this Very Property Were Previously Dismissed.

Defendants have a meritorious defense. In fact, two prior courts in this district have already dismissed ADA suits related to the same property following CASp inspections and remediation. Id. ¶¶ 12-13, Ex. 10 – Ex. 11 (attaching *Vogel v. Waldorf Restaurant Group Centinella, LLC*, Case No. 13-cv-09420 (C.D. Cal. April 11, 2014) and *Langer v. Roclar Company, et al*, Case No. 14-cv-01623 (C.D. Cal. May 14, 2014)).

In their application for entry of judgment on the default, Plaintiff argues that they will likely prevail because: (1) Defendants did not designate the closest possible parking stalls as their accessible parking; (2) Paint and signage for the accessible parking stalls and paths of travel have faded paint and are damaged; (3) There are cracks in the path of travel that are more than a half of an inch, and not beveled; (4) The threshold of the front door is more than half an inch; and (5) Front door pressure exceeds five pounds.

During this action, Defendants will show that each of the aforementioned alleged violations are either legally or factually incorrect. For instance, the ADAAG

4

guidelines only require that business designate the closes parking that permits for an "accessible" route. See ADAAG 4.6.2. It does not say the closest *possible* route, but the closest *accessible* route.

Here, the designated stalls are the closest stalls that are accessible, as the only closer stalls are on an incline that would greatly exceed accessible standards. Atabek Decl. ¶ 14, Ex. 12. In fact, in the aforementioned earlier ADA litigation related to the property, the restaurant moved the parking stalls further down, specifically so it could cure the slope issue for the path of travel—as made clear from photographs showing where remnants of paint from the old path of travel still exist. (Id.)

Moreover, nothing in the ADAAG discusses faded paint for parking stalls, or visibility of paint—only that it must exist. And while paint that is so faded that it is not visible is the same as having no paint (and thus a violation), that is not the circumstance here. In fact, Defendants will present evidence that the paint lines at issue were adequately visible on the date Plaintiff allegedly visited.

Defendants will also show that the path of travel fully complies with ADAAG guidelines. Notably, Plaintiff's application for judgment relies heavily on the declaration of Kimson Wright. Mr. Wright is not a licensed Certified Access Specialist ("CASp"), as his name does not appear on the CASp list supplied on Division of the State Architect's website for the state of California. https://www.apps2.dgs.ca.gov/DSA/casp/ casp_certified_list.aspx. Mr. Wright does not even purport to qualify himself as an expert in accessibility issues. Nor do his photographs show any measurements actually taken (such as a door pressure reading, incline measurements using a level, or beveling measurements). Simply put, Mr. Wright is wrong.

Thus, Defendants are likely to prevail on the merits in this action. The second *Aguilar* factor weighs in favor of setting aside the default.

///

### C. Plaintiff Will Not Be Prejudiced by Setting Aside the Default.

There will be no prejudice to Plaintiff, where Defendants sought to set aside default almost immediately after its entry. *U.S. Bank Tr., Nat'l Ass'n v. Lindsey*, No. LACV1405032JAKRZX, 2014 WL 12561098, at *6 (C.D. Cal. Nov. 21, 2014). In *Lindsey*, the trial court determined that where default was sought and set aside early on in the case, there is no prejudice to the Plaintiff.

### III.   CONCLUSION

Plaintiff sought a secret default, in contravention of applicable norms and case authority, on a case with questionable merit, while a request for pleading extension was pending. Plaintiff will not be prejudiced. Defendants respectfully request the Court set aside the default.

Dated:  April 2, 2020                               ATABEK & ASSOCIATES, P.C.

                                                By:    */s/ Jon A. Atabek*
                                                       JON A. ATABEK

                                                       Attorneys for Defendants
                                                       KJF/FARIS, LLC, and
                                                       QUINCE AVE MEMPHIS II